IN THE UNITED STATES DISTRICT COURT ——— FILED ——— ENTERED
FOR THE DISTRICT OF MARYLAND ——— LOGGED ——— RECEIVED
(NORTHERN DISTRICT)

JAN 03 2012

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | ( |
| | ) | ( |
| | ) | ( |
| VERSUS | ) | (Criminal No. WDQ-06-0491 |
| | ) | (Civil No._____ |
| | ) | (To be furnished by Clerk. |
| DARNELL ANTHONY YOUNG,PRO SE) | ( | WDQ12CV0029 |
| Movant | ) | ( |

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

MOVANT'S PETITION FOR THE ISSUANCE OF A WRIT
OF HABEAS CORPUS IN LIGHT OF THE PRESENT CONSTITUTIONAL
VIOLATIONS BASED UPON INEFFECTIVE
ASSISTANCE OF COUNSEL BY TRIAL-APPEAL AND RESENTENCING COUNSEL

COMES NOW, the pro se litigant Darnell A. Young, where for good cause and exceptional reasons he humbly submits the foregoing and he supplicates this Honorable Court for justice due to the a-bundance of evidence he is presenting which depicts his position clearly and shows a clear violation of his constitutional rights that very well could be termed a "structural error" meaning there is no requirement to show prejudice.

Further, with this request for a writ of habeas corpus, Movant re-quests that this Honorable Court schedule an evidentiary hearing so that additional support can be presented to prove the violations that Movant now claims as being worthy of the requested.

I. JURISDICTION:

This Honorable Court's jurisdiction is found at 28 U.S.C.§2255

where its empowered to do justice when a federal prisoner is show-
ing collaterally that his conviction/sentence [v]iolates his
constitutional right to have a fair trial with the competent ass-
istance of conusel.

Under Rule 8 of Section 2255, this Court can appoint counsel and or-
der an evidentiary hearing on this pleading and any further generat-
ions of it to determine and grant the appropriate relief which Mo-
vant is entitled to due to the violations he suffer.

II.  <u>STATEMENT OF FACTS</u>:

1.   Movant was arrested in the instant case and charged with
violating the federal narcotic statutes.

2.   He was then indicted and charged with violating three co-
unsels of the federal narcotic statute, that being 21 U.S.C §846
Conspiracy; 21 U.S.C §841(a)(1) and (b)(1)(A), Possession With The
Intent To Distribute; and 18 U.S.C. §924(c), Possession Of A Fire-
arm In Furtherance Of A Drug Trafficking Crime.  He was found not
guilty on the 924 offense.

3.   He was tried in the United States District Court, for the
Northern Division of Maryland.  The Honorable Judge William D.
Quarles presided in the jury trial, which was three days, ending with
verdicts of guilty on counts one and two of the indictment.  Where-
ultimately he was sentenced as follows: on count one he received

JUDGEMENT as to Darnell Anthony Young (1) Count(s) 1,3s, DISMISSED:
Count(s) 1s, 2s IMPRISONMENT FOR A TERM OF 136 MONTHS AS TO EACH
OF COUNTS 1 AND 2 OF THE SUPERSEDING INDICTMENT, CONCURRENTLY, FOR
A TOTAL TERM OF IMPRISONMENT OF 136 MONTHS : SUPERVISED RELEASE FOR
A TERM OF 5 YEARS AS TO EACH OF COUNTS 1 AND 2, CONCURRENTLY, FOR A
TOTAL TERM OF SUPERVISED RELEASE OF 5 YEARS: AND ASSESSMENT OF $200.00.
Signed by Judge William D. Quarles, Jr. on 1/9/08(C/M 1/10/08 USM)
(slf, Deputy Clerk)(Entered; 01/10/2008) 1/

As quoted id, its exact and verbatim. See docket entry 59.

    4.  Movant appealed his conviction and the government cross ap-
pealed, the conviction was vacated with a remand for re-sentence
granting the government the privilege to seek an enhanced sentence
based on 90 to 100 additional kilograms of cocaine.

    5.  In the actual trial of this case, attorney Stanley Needeman
was counsel of record.

    6.  On appeal attorney Gary Allen Ticknor was Movant's attor-
ney on appeal, re-sentencing and re-appeal.

    7.  Movant re-sentencing was appealed and affirmed by the
Fourth Circuit of Appeals, currently Movant have a pro se "Rehearing
and Rehearing En Banc Motion pending in the Fourth Circuit Court of
Appeals.

    8.  There are no pending proceedings pending in this case other
then that identified in 7 ante.

    9.  Issues being raised in this proceeding are as follows:

---

1. Movant was re-sentenced on January 28, 2011, his period of imprisonment was
increased to term of 188 months with 5 years of supervised release. The increase
in sentence is 52 months, which constitutes a serious prejudice, under Strickland.
See copy of docket sheet excerpt as exhibit "1".

<u>ISSUES BEING RAISED ARE</u>

GROUND "A"     <u>THE APPELLATE COURT'S MANDATE IN THE INSTANT CASE WAS VIOLATED</u>

<u>VIA THE USURPATION OF THE GOVERNMENT</u>


GROUND "B"     <u>DEFENSES COUNSEL MR. STANLEY NEEEDEMAN FAILED TO NEGOTIATE A</u>

<u>PLEA FOR MOVANT PURSUANT TO RULE 11(a)(2)</u>


GROUND "C"     <u>COUNSEL REFUSED TO ADVISE THE COURT THAT MOVANT WANTED TO RE-</u>

<u>PRESENT HIMSELF-COUNSEL ALLEGED THAT MOVANT COULD NOT SWITCH</u>

<u>WHILE OWING RETAINED COUNSEL A BALANCE IN FEE</u>


GROUND "D"     <u>COUNSEL MR. GARY TICKNOR'S REPRESENTATION OF MOVANT WAS COM-</u>

<u>PROMISED-CONFLICTED AND INEPT</u>


   10.  The issues being raised are in GROUNDS A-D  and the argu-
ments for each are to follow, with the issues being preceived by an
argument for "tolling" of the clock, due to government interference
with his ability to <u>learn---develop</u> ~~and~~ <u>prepare</u> his <u>2255 Motion</u>.
His efforts were impeded, because for five of the months that  is
authorized  for the filing of a 2255 Motion.

<u>MOVANT IS ENTITLED TO EQUITABLE TOLLING DUE TO IMPEDIMENTS BEYOND HIS CONTROL
WHICH OCCURRED WHILE HE WAS ON WRIT FOR RE-SENTENCING PER MANDATE</u>

The government on Movant's direct appeal, did file a "cross appeal" raising their

claim on a relevant conduct issue, for purposes of seeking re-sentencing of Movant.

They were successful with their "counter appeal" and was awarded a mandate, for the

purpose of re-sentencing Movant.  The "mandate' authorized the government an opportu-

nity to "prove' their contention, that Movant was responsible for 90 to 100 kilograms

of cocaine.

In view of the ruling by the appellate court, Movant eventually went on writ to be

re-sentenced by the  Honorable Judge William D. Quarles, Jr., in the United States

District Court of Maryland, Baltimore-Division.[2]  Hence, Movant was on writ for a

period of five and a half months, he was without his legal materials and denied ac-

cess to federal law materials, therefore he was unable to prepare and file a timely

2255  Motion, in his behalf.  Further, this transpirance was of no choice or causal-

ity of Movant, therefore he is "[n]ot responsible for the untimely filing of his

motion and case law states vehemently and adamantly that he can't be held accountable

for the delay which was no fault of his.  See <u>Green v. Johnson</u>, 515 F. 3d 290(4th.

Cir. 2008)("equitable tolling is appropriate when "due to circumstances external to

the party's own conduct--it would be unfair to enforce the limitations period again-

st the party").  With this being  fact and the law of this circuit, then Movant is

entitled to tolling in light of the circumstances beyond his control which impeded

and prevented him from being timely with the filing of his 2255 Motion.


III. <u>ARGUMENT:</u>

2.  Movant was taken on writ to Baltimore on or about December 15, 2010, for pur-
poses of re-sentencing .  He was returned to F.C.I. Loretto, on May 20, 2011; he
literally  was on writ for five months and days and denied an opportunity to pre-
pare the foregoing pleading in a timely fashion.   See exhibit " 2 ".

GROUND "A"   THE APPELLATE COURT'S MANDATE IN THE INSTANT CASE WAS VIOLATED VIA THE
USURPATION OF THE GOVERNMENT

The government did violate the parameters of the "limited Mandate"from the Fourth
Circuit Court of Appeals, when it introduced evidence contrary to that which was
authorized by the "limited mandate" to have Movant's sentence increased.  The
Fourth Circuit Court of Appeals did grant the government the privilege to prove
that Movant was responsible for 90 to 100 kilograms of cocaine and the "limited ma-
ndate" of the court was specific and it only authorized that opportunity and noth-
ing else.

The exclusivity of the "limited mandate" was explicit, the government was given the
opportunity to prove that Movant was in fact responsible for 90 to 100 and surely
not a mere fraction thereof, which was 20 kilograms of cocaine.  This violated the
the intent and the spirit of the "limited mandate" and it shall not be upheld.

Under no set of circumstances, does 20 ring with any merit, when it was alleged to
be 90 to 100.   This circuit in United States v. Bell, 5 F. 3d 64, 66(4th. Cir. 19-
93)("the mandate rule forecloses relitigation of issues expressly or impliedly de-
cided by the appellate court, and litigations on issues decided by the district
court—but foregone on appeal").  Categorically, the rule dictates that "any issue
that could have been raised on appeal is waived and thus not remanded.  Doe v. Chao,
511 F. 3d 461, 465(4th. Cir. 2007)(internal quotation marks omitted).[3]/

Here the government's proffer and grant via "limit mandate" was that they could
prove that Movant was responsible for 90 to 100 kilogram of cocaine, they blew it.
Simply, they failed to satisfy their burden of proving 90 to 100 kilograms and
even in a game of "horse shoes", they wouldn't receive credit, they are too far
_____
3. The government could have built their case on 20 kilograms of cocaine, but
they wanted a greater sanction for Movant, without evidence to support it so
they manipulated the "mandate" by undermining its limits, they are wrong.
See copy of Court's opinion excerpt as exhibit "3".

off the mark of acceptance.

They asked the appellate court for an opportunity to prove that Movant was respons-
ible for 90 to 100 kilograms of cocaine, the  appellate court granted their wish,
and they failed.  What they actually claimed was a ruse and ruses are not to be
acceptable or: admissible as_reliable.evidence.  This type of manipulation is im-
permissible and unacceptable under the controlling law of Bell and Doe, supra and
surely this Honorable Court must recognize this grave error as being fundamentally
unfair and abuse of the "limited mandate".

Additional support is found at United States v. Aramony, 166 F. 3d 655, 661(4th.
Cir. 1999)(intennal citations and marks omitted), under the law of the case doctri-
ne.  Note: "when a court decides upon a rule of law, that decision should continue
to govern the same issue in subsequent stages in the case.  With this being fact,
then the increase in Movant's sentence must be vacated, because its an unauthorize
inclusion through a vivid manipulation of the  "limited mandate" which allowed for
certain evidence to prove the 90 to 100 kilograms of  cocaine and :not a common  fifth
of the proffered amount,[4]/being 20 kilograms of cocaine, could ever satisfy the act-
ual amount falsely claimed in the proffer.[5]/

The government never asked for a "second bite of the apple", nor were they granted
a second bite of the apple, however, their actions constitutes a second bite of the
apple.  This is legally unacceptable, just as the "carrot and the stick".  It isn't.
fair. . . See district court finding on amount as exhibit "4".

-----------------
4.  The proffer of the government specifically said that they would prove 90 to
100 kilograms of cocaine against Movant, their bed was made by them and they
.should be held to the same standard as Movant and be made to lie in the bed they
made and not authorize to go elsewhere to generate evidence to enhance Movant's
sentence.  Their proffer was similar to an . indictment, they failed to prove it
even under the standard on preponderance of the evidence.
5.   The "proffered amount" was 90 to 100 kilograms of cocaine, even though they
proffered that, their proffer now constitutes "puffery".  They failed on promise.

## STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE

## OF COUNSEL CLAIMS BY PETITIONER

### Ineffective Assistance of Counsel

In evaluating whether petitioners conviction must be reversed because of ineffective assistance from his counsel, this court should utilize the two-prong test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 688 (1984):

> "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose results is reliable."

Id. at, 104 S.Ct. at 2064, 80 L. Ed. at 693.

### Prejudice

The prejudice required by the second part of the Strickland test is something considerably more than the possibility that an unreasonable

error by counsel might have had some effect on the trial. As the Court stated in <u>Strickland</u>:

> "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

<u>Id. at 104 S.Ct. at 2068, 80 L. Ed. 2d at 698.</u>

The effective assistance of the Sixth Amendment... is simply to ensure that criminal defendants receive a fair trial, <u>Strickland</u>, 466 U.S. at_____ 104 S.Ct at 2065, 80 L. Ed. 2d. at 694. The Court's review of counsel's performance should lead it to conclude that it does not fall within "the wide range of reasonable professional assistance." Id., nor might it be considered "sound strategy." Id. at_____ 104 S.Ct. at 2066, 80 L. Ed. 2d at 695.

## <u>Ineffective of Counsel</u>

Now turning to the first part of the <u>Strickland</u> test: whether the trial counsel's professional conduct was deficient. <u>Strickland</u> teaches that:

> "Judicial scrutiny of counsel's performance must be highly deferential... Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the circumstances, the challenged

action "might be considered trial strategy."

To demonstrate <u>ineffective assistance of counsel</u>, Petitioner must show "that counsel's performance was deficient, and that the deficiency prejudiced the defense. <u>Wiggins v. Smith</u>, 539 U.S. 510, 521, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003)

## AN EVIDENTIARY HEARING IS REQUIRED

Petitioner is entitled to an evidentiary hearing on his claims of ineffective assistance of counsel, unless it is clear form the pleadings, files and records that the prisoner is not entitled to relief, §2255 makes an evidentiary hearing in open court mandatory. 28 .S.C. §2255(b); <u>United States v. Witherspoon</u>, 231 F. 3d 923, 925-27 (4th. Cir. 2000); <u>Raines v. United States</u>, 423 F. 2d 526, 529 (4th Cir. 1970).

## ISSUES UNDER THE LAW OF CUYLER V. SULLIVAN ARE BEING RAISED TOO

In the context of a claim of ineffective counsel claim due to conflict of inte-rest, Movant realizes that he must show both that an actual conflict of inte-rest existed  and that his counsel's performance was adversely affected as a result of this conflict.  <u>Cuyler v. Sullivan,</u> 446 U.S. 668, 688(1980).  Movant accepts the task and will satisfy it abundantly.

GROUND "B"  DEFENSE COUNSEL MR. STANLEY NEEDEMAN FAILED TO NEGOTIATE A CONDIT-
            IONAL PLEA FOR MOVANT PURSUANT TO RULE 11(a)(2)

Movant was denied his opportunity to plead guilty via a conditional plea, be-

cause counsel failed to apprise him of his best options in handling the case

via a plea.  Counsel's neglect is proof of deficient performance of counsel,

because if counsel had of advised Movant of the advantages of taking a condit-

ional plea, then surely Movant would have taken such, because it would have

been the best of all possibilities in resolving the case favorably with the

less possible sentence and right to appeal his Fourth Amendment issue, which he

wanted to appeal. 6/

The plea bargaining process is so important in our justice system that defense

lawyers who refuse to negotiate with the government will often fail to provide

the effective assistance required by the Sixth Amendment.  See Turner v. Cald-

eron 281 F. 3d 851, 879(9th. Cir. 2002)(explainting that negotiations with the

government are a "critical stage" of a prosecution for the Sixth Amendment pur-

poses).  The type of turncated representation offered by counsel certainly

falls far from short of the ideal attorney-client relationship expounded in

Strickland v. Washington.

See Lopez, 4 F. 3d at 1464 (" The model of a successful attorney-client

relationship, as expounded in Strickland v. Washington, is one in which

counsel's actions are based on informed strategic choices made by the

defendant and on information supplied by the defendant.")(internal quotation

marks and alterations omitted).

---

6. Movant's sentence with credit for pleading guilty early, would have been
less then six years on the drug offense.

"A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge, and constitutes an admission of all material facts alleged in the charge. United States v. Willis, 992 F. 2d 489, 490(4th.cir. 1993)(internal quotation  marks and citations omitted) . "When a defendant pleads guilty he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea. United States v. Bundy, 392 F. 3d. 641, 644(4th. Cir. 2004).   Thus, "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." Id.

Based upon these considerations, "direct review of an adverse ruling on a pre-trial motion is available [o]nly if the defendant expressly preserves that right by entering a conditional guilty plea pursuant to rule 11(a)(2).   United Statesv. Wiggins, 905 F. 2d 51, 52(4th. Cir. 1990).   This approach comports with the genaral rule that conditions to a plea are not to be implied. Bundy, at 645(internal quotation marks omitted).

Counsel knew that trying the case was a loser, in light of the fact that the court had granted the prosecution the privilege to employ the evidence seized from his residence at the time of his arrest.   The evidence was highly incriminating and carried insinuations of guilt.   These facts were apparent to counsel, but he failed to advise Movant of the alternative of pleading guilty and preserving the right to appeal the Fourth Amendment ruling and also receive a three level deduction in his base level of offense for pleading guilty timely.   The feasibility of Movant pleading guilty is

unquestionable, the option had a variable that equal some years of differential in the sentence received and the sentence he would have received, had he took the conditional plea and pled timely.

Hence, what counsel knew was:  (1) he knew that Movant wanted to appeal the Fourth Amendment issue on the search and seizure from his residence;  (2) he knew that the government had the edge in evidence after being granted the privilege to use the seized evidence against Movant;  (3)  he knew that a conditional plea would be the better defense and he failed to apprise Movant of the option;  (4) He knew that Movant would not receive the benefit of a downward departure, if he went to trial, versus pleading conditionally and retaining his right ot appeal and receive the downward departure.

Thus, its crystal clear that counsel was derelict in his performance by not advising Movant of the conditional plea option over an outright trial with no chance of receiving a deduction for "acceptance of responsibility", that would have translated into several years less in [the] sentence received.

Therefore, counsel was deficient in his service and that deficiency caused Movant not to be able to plead to a conditional plea and retain his right to appeal the Fourth Amendment issue and receive the "acceptance of responsibilty credits on his sentence.  Not being able to receive the benefit of "acceptance of responsibility" is truly a prejudice, because Movant's sentence would have been some years less than what it is, due to counsel's incompetentness.

Counsel in the face of the negative indicants numerically identified in

numbers one to four above he ridiculously chose to lead Movant into trial with no chance of winning over the conditional plea with acceptance of responsibility credit.

Seemingly, this case constitutes a classic example of ineffective assistance of counsel, due to counsel's failure to advise his client of the best option in defense nor did he advise Movant of the most humane choice.   A lessor sentence would have been more humane.  Counsel failed to satisfy the require-ments of the Sixth Amendment.

GROUND "C"   COUNSEL REFUSED TO ADVISE THE COURT THAT MOVANT WANTED TO REPRESENT HIMSELF-COUNSEL ALLEGED THAT THE HIRING OF HIM PREVENTED MOVANT FROM SWITCHING TO SELF REPRESENTATION

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to. . .have the Assistance of Counsel for his defense." This right mandates that "counsel be provided for a defendant who cannot afford to retain private representation in any case in which he will be incarcerated if convicted." United States v. Singleton, 107 F. 3d 1091, 1095 (4th. Cir. 1997); the Sixth Amendment also gives a defendant the right to represent himself, Faretta v. California, 422 U.S. 806, 807(1975). The right to self-representation. . .derives from the Sixth Amendment principle wherein the defendant has the right to decide the type of defense he will mount." United States v. Gonzalez-Lopez, 399 F. 3d 924, 934-35(8th. Cir. 2005), aff'd ___U.S.___, 2006 WL 1725573(2006). The defendant can waive the right to counsel if his waiver is knowing, intelligent, and voluntary. Zerbst, 304 U.S. at 468; Singleton, 107 F. 3d at 1095. The right to counsel and the right to self-representation are mutually exclusive, and therefore "the assertion of one constitutes a de facto waiver of the other." Singleton, 107 F. 3d at 1096.

Hence, in determining whether a defendant properly has exercised his right to self-representation and waiving his right to counsel, a court ascertains whether the assertion of the right to self-representation is (1) clear and unequivocal, (2) knowing, intelligent, and timely. The requirement that the assertion be clear and unequivocal is necessary to protect against an inadvertent waiver of the right to counsel by a defendant's occasional musings, and it also prevents a defendant from taking ad-

vantage of and manipulating the mutual exclusivity of the right to counsel and self-representation.

The Supreme Court in its watchful eyes have found structural error in a "denial of self-representation at trial;" McKaskle v. Wiggins, 465 U.S. 168(1984).[7] Therefore, deprivation of the right to self-representation is a structural error that requires "automatic reversal because the impact of its denial is not amenable to harmless error analysis.

Thus, when Movant made his wish known to counsel in a competent, willful and alert manner, showing clarity in his choice to self-representation, then counsel was obligated to apprised the court that Movant had intelligently and voluntarily decided that he wanted to represent himself and "under no set of circumstance" should counsel have denied Movant this constitutional right. Ironically, Movant was denied his choice of self-representation, because counsel told him that due to a pending balance in the retainer fee; then he could not switch from paid counsel to self-representation.

Counsel further stated that the attorney client relationship was a marriage and that the Court normally resented defendants who represented themselves.

Consequently, Movant had to entertain trial with counsel, even though retained, but not his choice--Movant wanted to represent himself. Therefore, Movant was denied his right to self-representation.

_____
7. See also, Buhl v. Cooksey, 233 F. 3d 783(3d Cir, 2000)(denial right of defendant to represent himself constituted structural error and required reversal).

GROUND "D"  DEFENSE COUNSEL MR. GARY TICKNOR'S REPRESENTATION OF MOVANT WAS COM-
PROMISED-CONFLICTED AND INEPT

Counsel in re-sentencing had an undeniable relationship with A.U.S.A. Kowitz,

he was unable to separate himself from, during the representation of Movant.

Counsel made known to Movant that he and A.U.S.A. Kowits(Ms. Kowitz) were long

time friends and certain challenges: to her actions he would not make.

Nevertheless, the Supreme Court of the United States has held that criminal

defendants have a Sixth Amendment right to conflict free representation by cou-

nsel.  See, Cuyler v. Sullivan, 446 U.S. 335(1978); accord Holloway v. Arkansas,

435 U.S. 475 (1978).

The Sixth Amendment right to counsel, means right to effective assistance of

counsel; this includes a duty of loyalty by counsel that requires the attor-

ney to remain free from conflicts of interest.  However, where defendant identi-

fies the mere possibility of a conflict, that potential may not, in practice,

contravene the duty of loyalty.  In order to prevail, a defendant must show

that his attorney labored under an actual conflict of interest that adversely

affected the lawyers performance.  Avaunt, to establish the existence of an

actual conflict of interest claim; the defendant must show that his interests

divereged from his attorney-with respect to a material factual or legal issue

or a course of action.

Counsel's conflict of interest was egregiously harmful to Movant's chance of

a lower sentence, in light of the fact that counsel declared to Movant that he

and Ms. Kowitz were friends and that he could not outright challenge her

position on re-sentencing of Movant.  Counsel said:  "I have got you a two

level deduction and I don't want to fight for more, because she is my friend

and we go way back."

The expressed position of counsel is further emphasized in his appellate brief

filed after the re-sentencing, where he employed a knowingly frivolous issue

on appeal.

<u>MOVANT'S APPEAL ON THE RE-SENTENCING</u>:

On appeal of the re-sentencing, counsel knew that the "mandate order" had been

violated during the course of the re-sentencing, when he allowed Ms. Kowitz to

go beyond the set parameters of the "mandate order".  Nevertheless, as stated

by counsel, Ms. Kowitz was his friend and he wouldn't challenge her position.

Thus, counsel having knowledge of the "mandate" its limited range, he sat mute

and let Ms. Kowitz undercut the significants of the "mandate" by employing

evidence beyond the scope of the set parameters of the "limited mandate order".

The issue pertaining to Ms. Kowitz's usurpation of the "mandate" order is more

fully addressed ante at GROUND "A" .

<u>COUNSEL SUBMITTED AS AN APPELLATE BRIEF, A BRIEF WHICH HE DEEMED TO BE FRIV-</u>
<u>OLOUS HIMSELF---IN A LATERAL ADMISSION</u>

As is thoroughly expressed and conveyed in GROUND "A" of this pleading, counsel

failed to present the best issue for appellate review, because of his unwilling-

ness to challenge Ms. Kowitz; his personal friend.  Therefore, a "frivolous"

issue was submitted in lieu of a "bang-bang" winner; the government's usurpat-

ion of the "mandate order" on re-sentencing.

The fact of counsel's dereliction on appeal is apparent from the record, legal-
he was compromised and conflicted by honoring his relationship with Ms. Kowitz
over his client-Movant.  His ineffectiveness is clear and it rings just as the
seasonal Church Bell during Yuletide Season.  Counsel being in a compromised
and conflicted position, did honor his friendship with Ms. Kowitz over that of
duty to Movant, as, being counsel of record and functioning under the dictates
of the constitution-which provides for conflict free representation of counsel
and not some lawyer straddling the scrimmage line of the defense and offense.
Mr. Ticknor, did not function as counsel was to under the constitution and his
deficient performance was most prejudicial and the filing of a worthless appe-
llate issue in lieu of a worthy appellate issue is deficient performance uni-
versally and any competent appellate counsel would agree.

Counsel on re-appeal, did file a brief without the inclusion of his best avail-
able issue; that being [ ] "the government's usurpation of the 'mandate order'".
He filed a brief with only one issue in it and that was that the re-sentencing
court had failed to consider Movant's rehabilitation of Movant as a factor for
reducing his sentence, in the re-sentencing of Movant.

The irony of this claim and the grossness of counsel's ineptness is reflected
in the facts of Movant's efforts to positively assist counsel during the course
of re-appeal.  Movant, by monitoring the docket and events of the Supreme Court
he was on point when the Court ruled in United States v. Pepper, ___U.S.___2011.
Where the Supreme Court did rule that lower courts could consider re-habilitat-
ion as grounds for a downward departure in re-sentencing.  Movant immediately

sent this important ruling to his counsel, for purposes of supplementing the pending re-appeal, with the intervening law that was on "all fours" with the argument raised by counsel, in its frivolous form.  The ruling of the Supreme Court, would have made what counsel calls a frivolous issue a winner, because the Supreme Court says so.  But counsel being derelict, he refuse to be competent in the instant case, even with Movant putting the winning combination in his hands, he elected not to use it. . .Counsel's ineptness shines continuosly, even with the law of Pepper in his possession, he still says that the "rehabilitation issue is frivolous.  Counsel is dead wrong and the Supreme Court says he is.

Most noteworthy is the fact that a re-sentencing court can now consider rehabilitation" for purposes of a downward departure in re-sentencing []  and could during the pendency of the re-appeal, it could have then too, if counsel had been competent or willing to work with his diligent client,"who found the "pearl in the sands of the sea."

In any good stage production, the best is last.  Therefore, at this juncture Movant submits a copy of the missive he received from attorney Gary Ticknor post appeal, where he is attesting to the merits of the appellate issue, that he himself had chosen-research ed-prepared and submitted as the appellate issue of merit for Movant in the face of a bang-bang issue that he elected not to employ as an appellate issue.  That being the violation of the "mandate rule".

Hence, counsel has now refused to file a petition for a writ of certiorari from the United States Supreme Court.  Counsel [n]ow deems the issue that he employed on appeal as being frivolous, he further states that frivolous issues can not be submitted as grounds for the issuance of a writ of certiorari.

Note, a clear change of heart appears to be apparent, counsel now smells the coffee, after filing what he knew was a frivolous appellate brief and not apprising the Fourth Circuit of such via an Anders brief and thus Movant would have received his rightful opportunity to fend for himself on appeal, in lieu of having an attorney that knowingly submitted a frivolous issue for appellate review.

Counsel's missive is proof of his dereliction and his dereliction was prejudicial to Movant, inasmuch Movant was denied the service of having a competent attorney on appeal, whom would have represented Movant competently and not an attorney who would have knowingly submitted an issue for appellate review which he knew was frivolous. See counsel's letter, as exhibit "5".

Therefore, love and respect for Ms. Kowitz and his choice of not vigorously opposing her or her position, was a constitutional violation of Movant's right to have the assistance of competent counsel in his crest to receive justice. This did nor happened in the instant case, counsel failed to perform as competent counsel would have in light of his conflict of interest.

For two reasons counsel has been constitutionally ineffective: First under Strickland v. Washington, ___ U.S. ___ (1972), he was deficient in his performance, which was substandard and his performance was certainly prejudicial, because counsel failed to employ the best issue for appeal. This cause Movant to have defected representation, that was prejudicial: Secondly, counsel was ineffective, because to put his relationship with Ms. Kowitz before his representation of his client and he allowed the relationship that he has with Ms. Kowitz to dictate his performance and in doing such, he refused to challenge her vigorously as is required. Thus, prejudice is presumed under these circumstances. See, Cuyler v. Sullivan.

IV.  <u>CONCLUSION</u>:

Movant in the greatest of sincerity, he humbly supplicates this Honorable Court

to grant him the relief he seek in light of the meritorious claims he have raised

herein, which undeniably constitutes serious violations of his constitutional

right to have "effective assistance" of counsel-a fair trial sentencing hearing and

to enjoy his right to represent himself in trial, which was denied by counsel.

Under the authority of the United States Supreme Court which governs the errors

claimed by Movant, via case law; Movant will show that he has been violated: by

**Stanley Needleman** due to his personal greed denied Movant his rightful opportun-

ity to represent himself, because Movant had a balance with him from the fee ---

Court wasn't going to permit the switch with the outstanding balance pending.  He

further violated Movant by failing to negotiate a "conditional plea" which would

have been the best alternative as a defense(perhaps this too was done because his

fee had not been paid in full).  Hence, his failures and misguidance constitutes

"ineffective assistance" under <u>Strickland v. Washington</u>, because his representat-

ion was below expected norms of competent counsel, and positively prejudicial.

**Attorney Gary A. Ticknor,** was ineffective because he was dominated by a conflict of

interest he had with the prosecutor, whom he did not want to offend by challenging

her evidence or her manipulation of the proceedings, as depicted in **Ground "D".**

Prejudice is not an essential requisite with this claim, because prejudice is assu-

med where their is a "conflict" that is visible and contamination to the proceeding

where counsel was in default and defiecient.  See, <u>Cuyler v. Sullivan</u>, Mr. Ticknor

did violate the rules of being effective counsel.

Thus, its apparent that both of these attorneys were derelict in their obligations for one reason or another, however, the distinction between their acts are vastly different but the ultimate results are the exact same, they both were ineffective and Movant was constitutionally violated by the services rendered by these two in his behalf.  Therefore, this tribunal in deciding this case it may find that there is no legal difference between the two attorneys output, therefore it sums up to be six in one hand and a half dozen in the other--meaning they both were legally ineffective under the standards they have violated.

Therefore, this Honorable Court shall issue the requested writ, inasmuch, the law and the evidence of the case seemingly dictates such.

Respectfully submitted by:                    Date:

_Darnell Young_____                    ___12/26/11_____

### "MOVANT'S CERTIFICATION AND VERIFICATION"

I, Darnell A. Young, do hereby certify that on this day I am depositing an exact copy of the foregoing motion in U.S. Mail pre-paid first-class service, to the United States Attorney for the state of Maryland.  Further, I do verify that the herein is true to the best of my knowledge and that this fact is being submitted uder the pains and penalties of perjury, pursuant to 28 U.S.C. §1746, of the laws of the United States of America.

MOVANT'S ATTESTATION AND CONFIRMATION

I the undersigned do submit this pleading under the auspices described above.

EXECUTED BY:                               EXECUTED ON:

_Darnell Young_____                    ___12/28/11_____