IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DARNELL ANTHONY YOUNG,       *

     Petitioner,          *

         v.                  *    CIVIL NO.:     WDQ-12-0029
                       *    CRIMINAL NO.:   WDQ-06-0491
UNITED STATES OF AMERICA,

     Respondent.        *

                       *

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

Darnell Anthony Young was convicted by a jury of narcotics offenses and was sentenced to 188 months imprisonment. Pending is his *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be denied.

I.   Background[1]

On November 7, 2006, Young was indicted for (1) conspiracy to distribute and possess with intent to distribute cocaine, (2) possession with intent to distribute cocaine, and (3) possession of a firearm in furtherance of a drug trafficking crime. ECF No. 5. Young retained Stanley H. Needleman, Esquire, as his counsel. *See* Docket. On January 18, 2007, the government sent

---

[1] The facts about Young's sentencings and the government's plea offer are not in dispute. The government has not offered any facts about Young's desire to represent himself.

a plea offer to Needleman.  ECF No. 105-2.  The offer was not
conditional and allowed no appeal by Young unless the sentence
was greater than 135 months.  *Id.* at 6.  No plea agreement was
reached.

Young alleges that, at some point, he requested that
Needleman inform the Court that Young wished to represent
himself.  ECF No. 102 at 16.  Young claims that Needleman
refused to do so because Needleman had not exhausted the
retainer.  *Id.*  Needleman allegedly "stated that the attorney
client relationship was a marriage and that the Court normally
resented defendants who represented themselves."  *Id.*  Young
never told the Court that he wished to represent himself.

From August 27 to August 29, 2007, the Court held a jury
trial.  On the first day of trial, the Court heard testimony on
Young's motion to suppress evidence seized from his house, ECF
No. 33, and denied the motion.  *See* ECF No. 50; ECF No. 71 at
75.  The jury found Young guilty on Counts 1 and 2, and not
guilty on Count 3.  *See* Jury Verdict.  It found that the amount
of cocaine involved was 500 grams or more, but fewer than five
kilograms.  *Id.*  At sentencing, the parties stipulated, and the
Court found, that the government would have presented evidence
of between 90 and 100 kilograms.  *See* ECF No. 69 at 4:6, 24:7-
10.  The Court relied upon the jury's finding that less than

2

five kilograms was involved, and sentenced Young to 136 months imprisonment. *See* ECF Nos. 59, 69 at 17:8-10.

Young appealed his conviction and the government cross-appealed the sentence. ECF Nos. 60, 62. The Fourth Circuit affirmed the conviction, holding that the Court properly denied Young's suppression motion. *United States v. Young*, 609 F.3d 348, 354 (4th Cir. 2010). However, it vacated Young's sentence, reasoning that the jury's determination of quantity did not preclude the Court from finding a greater amount at sentencing. *Id.* at 358-59.

On January 26, 2011, the Court resentenced Young, finding from the trial and other testimony that Young was responsible for least 15 kilograms of cocaine. ECF No. 96 at 66:15. The Court sentenced Young to 188 months imprisonment. ECF No. 89. Young appealed his new sentence, and the Fourth Circuit affirmed. ECF No. 97.

On January 3, 2012,[2] Young moved to vacate, set aside, or correct sentence under 18 U.S.C. § 2255, alleging that this

---

[2] Young claims that he is entitled to equitable tolling for the timeliness of his motion. ECF No. 102 at 5. A judgment is final for purposes of § 2255's one-year statute of limitations "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). The petition for certiorari ordinarily must be filed with 90 days of the Court of Appeal's judgment, calculated from the denial of rehearing. Sup. Ct. R. 13(1), (3). On September 7, 2011, the Fourth Circuit issued its judgment and on November 29, 2011,

Court violated the Fourth Circuit's mandate, and Needleman provided ineffective assistance of counsel.  ECF No. 102.  The government opposed the motion, ECF No. 104, and Young replied, ECF No. 105.

II.  Analysis

   A.   "Usurpation" of the Mandate

   Young claims that the government "usurped" the Fourth Circuit's mandate by not presenting evidence that he was responsible for 90 to 100 kilograms of cocaine.  ECF No. 102 at 6.  The government asserts that the Fourth Circuit "set no parameters or guidelines as to what [it] could prove as to drug quantity."  ECF No. 104 at 2-3.

   Generally, a district court is bound to carry the mandate of the court of appeals "into execution and may not consider the questions which the mandate laid at rest."  *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (internal quotation marks omitted).  In deciding the government's cross-appeal, the Fourth Circuit remanded for resentencing, holding that this Court *may* consider evidence showing a quantity higher than that on which the jury convicted.  *See Young*, 609 F.3d at 358-59.  The Fourth Circuit did not instruct this Court to make any particular

---

denied Young's petition for rehearing and rehearing en banc.
ECF Nos. 97, 100.  As Young filed his motion on January 3, 2012,
it was timely, and the Court need not consider equitable
tolling.

finding as to the amount on resentencing, nor did it require the government to reintroduce the same evidence. *Cf. id.* In accordance with the Fourth Circuit's mandate, this Court considered the government's evidence of more than five kilograms of cocaine and resentenced Young on the basis of 15 kilograms. *See* ECF No. 96 at 66:15. There was no violation of the Fourth Circuit's mandate.

B.   Ineffective Assistance of Counsel

Young asserts that he was deprived of effective assistance of counsel because (1) Needleman failed to negotiate a conditional plea, and (2) Needleman refused to disclose to the Court that Young wished to represent himself.[3]

1.   Legal Standard

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Young must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id.* at 687. To show deficient performance, Young must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonable-ness." *Id.* at 688.

---

[3] Young also claimed that there was a conflict of interest between his resentencing counsel and the Assistant United States Attorney, ECF No. 102 at 17, but he has expressly abandoned this claim. ECF No. 105-4 at 11.

To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. If a defendant cannot prove prejudice, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md*., 956 F.2d 1290, 1297 (4th Cir. 1992) (*citing Strickland*, 446 U.S. at 697).

  2. Conditional Plea

Young asserts that his counsel was ineffective because he failed to advise Young of the option of a conditional plea. ECF No. 102 at 11. The government asserts that a conditional plea was not an alternative and could not have been reached. ECF No. 104 at 6. To establish prejudice when counsel's ineffectiveness led to the rejection or lapse of a plea offer, "it is necessary to show a reasonable probability that the end result would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012).

Young misconstrues the requirements of Fed. R. Crim. P. 11(a)(2). In his motion he appears to assert that he could have entered a conditional plea of guilty on his own initiative and then appealed the denial of the suppression motion. *See* ECF No. 102 at 11-14. Under Rule 11(a)(2), a conditional plea of guilty, reserving the right to appeal an adverse pretrial

motion, must have the consent of the government and the Court. The conditional plea process is not as simple as Young wishes, and Young could not have entered a conditional plea with only his attorney's advice.[4]

Young acknowledges that the government made a plea offer, which he did not accept. *See* ECF No. 105-2.  The offered plea was not conditional,[5] *see id.*, and Young has not asserted that Needleman could have successfully negotiated a conditional guilty plea after the Court had ruled on the motion to suppress. *See United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012). Similarly, Young has not asserted that counsel failed to apprise him of the plea offer or improperly counseled him to reject it. *Cf. Frye*, 132 S. Ct. at 1409.  Accordingly, Young has not shown a reasonable probability that his sentence would have been different but for counsel's errors. *See id.*; *Moya*, 676 F.3d at 1214.  His claim fails.

3.   *Pro Se* Representation Request

Young asserts that his counsel was ineffective for failing to advise the Court that Young wished to proceed *pro se*.  ECF

---

[4] In his reply, Young acknowledges that the government and Court's consent is necessary for a conditional plea.  ECF No. 105-4 at 6-7.  However, he did not revise his argument.  *See id.* at 7.

[5] Further, the plea offer was made--and expired--months before the Court ruled on the suppression motion.  *See* ECF Nos. 50, 105-2.

No. 102 at 15.  The government argues that the outcome of the trial would have been the same if Young had represented himself. ECF No. 104 at 7.

Criminal defendants have a constitutional right to represent themselves.  *Faretta v. California*, 422 U.S. 806, 820 (1975).  This right is not automatic, however, because it necessarily waives the inverse right to counsel.  *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000).  To permit a defendant to proceed *pro se*, the Court must find the request (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely.  *Id.*  "The particular requirement that a request for self-representation be clear and unequivocal is necessary to protect against an inadvertent waiver of the right to counsel by a defendant's occasional musings on the benefits of self-representation."  *Id.* (internal quotation marks omitted).  "At bottom, the *Faretta* right to self-representation is not absolute, and 'the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.'"  *Id.* (quoting *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 162 (2000)).  Failure to assert the right to self-representation may result in its waiver.  *See United States v. Singleton*, 107 F.3d 1091, 1096 (4th Cir. 1997).

Young asserts that Needleman's denial of his right to counsel was "structural error," which the Supreme Court has equated with presumptive prejudice in the ineffective assistance analysis.  ECF No. 102 at 16; *see United States v. Cronic*, 466 U.S. 648, 658-59.  "[T]he right to the effective assistance of counsel is recognized not for its own sake, but because of the effect that it has on the ability of the accused to receive a fair trial."  *Cronic*, 466 at 658.  Courts "presume[e] prejudice with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent."  *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).

There are very few cases discussing defense counsel's failure to tell the Court of the defendant's wish to represent himself.  In *Montgomery v. Carey*, 19 F. App'x 628 (9th Cir. 2001), the Ninth Circuit, with minimal discussion, held that because the defendant did not personally tell the trial court of his desire to represent himself, his rights were not violated.  *Id*.  In a footnote--and without analysis--the court stated that "[e]ven assuming that counsel neglected to inform the trial court of [the defendant's] desire to represent himself, [he] cannot demonstrate prejudice for such alleged deficient performance."  *Id*. n.1 (*citing Strickland*, 466 U.S. at 687).  In another case, a defendant asserted that his attorney refused to

permit self-representation and lied about discussing a *Faretta* hearing with the court. *Jackson v. United States*, Nos. 2:10-cv-0043, 2:04-cr-144(1), 2011 WL 2789087, at *7 (S.D. Ohio July 15, 2011), *report and recommendation adopted*, 2011 WL 5042073 (S.D. Ohio, Oct. 23. 2011). The court refused to consider the claim, however, because the Sixth Circuit on direct appeal had already examined the defendant's requests to represent himself. *See id.* at *10; *United States v. Jackson*, 304 F. App'x 424, 428-30 (6th Cir. 2008). Neither of these cases is particularly instructive.[6]

Young relies on *McKaskle v. Wiggins*, 465 U.S. 168, to support his position that denial of his right to represent himself was structural error.[7] ECF No. 102 at 16. Although the Supreme Court has described the denial of the right to self-representation as a structural defect, *see Arizona v. Fulminante*, 499 U.S. 279, 310, the Fourth Circuit has

---

[6] *See also Reyes v. United States*, No. CV 10-3517(LDW), 2011 WL 5024584 (E.D.N.Y. Oct. 20, 2011) at *3 (defense counsel declared that the defendant never asked to proceed *pro se*, and the defendant offered no evidence to the contrary).

[7] The facts of *McKaskle* are significantly different from this case. There, the defendant represented himself with the assistance of standby counsel. *McKaskle*, 465 U.S. at 172. The defendant argued that standby counsel's participation at trial deprived him of his right of self-representation. *Id.* at 173. The Supreme Court disagreed, holding that although standby counsel's actions may at times improperly interfere with the right to proceed *pro se*, it had not in that case. *See id.* at 188.

characterized this as "an anomaly." *United States v. White*, 23
F.3d 404 (table), 1994 WL 177280, at *2 n.3 (4th Cir. 1994).

Unlike many constitutional violations, structural errors
are not subject to harmless error analysis because the breakdown
in the trial process renders it unfair.[8]  Finding a
constitutional violation harmless relies on the

> principle that the central purpose of a criminal trial is
> to decide the factual questions of the defendant's guilt or
> innocence, and promotes public respect for the criminal
> process *by focusing on the underlying fairness of the trial*
> rather than on the virtually inevitable presence of
> immaterial error.

*Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986) (citations
omitted; emphasis added).  As the Court stated in *McKaskle*, "the
right of self-representation is a right that when exercised
usually increases the likelihood of a trial outcome unfavorable
to the defendant." *McKaskle*, 465 U.S. at 177 n.8.  Harmless
error analysis, with its focus on fairness, therefore does not
make sense: the trial is likely to be unfairly weighted against
the defendant--compared to a counseled defense--when he
represents himself.  *See id.*

To the extent that deprivation of the right to self-
representation is not amenable to harmless error review it is

---

[8] *See Fulminante*, 499 U.S. at 309; *Rose v. Clark*, 478 U.S. 570,
577-78 ("Without these basic protections, a criminal trial
cannot reliably serve its function as a vehicle for
determination of guilt or innocence, and no criminal punishment
may be regarded as fundamentally fair." (citations omitted)).

"structural."  However, reversal is not required whenever a defendant is not permitted to represent himself despite his desire to do so.  *See, e.g., Frazier-El*, 204 F.3d at 560; *cf., e.g., Chapman v. California*, 386 U.S. 18, 23 & n.8 (stating, *inter alia*, that a defendant not represented by counsel is entitled to reversal).  Unlike other rights, such as those to counsel and having an impartial judge, the right to self-representation is difficult to invoke and requires affirmative action on the part of the defendant, who must meet several threshold showings.  *See Frazier-El*, 204 F.3d at 558.  Further, the right to self-representation requires waiver of the right to counsel, which has "constitutional primacy."  *See id.* at 559.

Here, nothing indicates that Young's trial was in any way unfair or tainted.  *See Rose*, 478 U.S. at 577-78; *Cronic*, 466 at 658.  He had all the proceedings to which he was entitled.  *See Roe*, 528 U.S. at 484.  As Young did not meet his burden to clearly, unequivocally, knowingly, intelligently, and voluntarily invoke the right to self-representation, he waived it.[9]  *See Singleton*, 107 F.3d at 1096; *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994) (*cited in Frazier-El*, 204 F.3d at 559).  Even if Needleman frustrated Young's right to represent

---

[9] This is unlike the defendant in *McKaskle*, who did successfully seek to proceed *pro se* and waived his right to counsel; his complaint was that his exercise of his right of self-representation was improperly burdened by standby counsel. *Cf. McKaskle*, 465 U.S. at 172.

himself, the fairness of the trial was not *per se* undermined requiring vacatur of his conviction.  In the end, "the *Faretta* right to self-representation is not absolute," *Frazier-El*, 204 F.3d at 559, and *McKaskle*'s "structural error" does not provide the relief that Young seeks.

Young wholly relies on his presumptive prejudice argument, and understandably does not claim that the trial would have been different had he represented himself.  *See* ECF No. 105-4 at 10; *Strickland*, 466 U.S. at 694.[10]  Accordingly, Young cannot show prejudice, and his motion will be denied.

    D.   Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case.  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S.

---

[10] *See also Martinez*, 528 U.S. at 161 ("Our experience has taught us that 'a pro se defense is usually a bad defense, particularly when compared to a defense provided by an experienced criminal defense attorney.'" (*quoting* John F. Decker, *The Sixth Amendment Right to Shoot Oneself in the Foot: An assessment of the Guarantee of Self-Representation Twenty Years after* Faretta, 6 Seton Hall Const. L.J. 483, 598 (1996))).

13

473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted).

Very few courts have addressed the issue of whether counsel's failure to inform the court that the defendant wished to represent himself and hindrance of the defendant's assertion of that right could be presumptively prejudicial. A reasonable jurist could find that the right to self-representation under *Faretta* and *McKaskle* is sufficiently broad and structural that counsel's frustration of that right is presumptively ineffective assistance. This issue is worthy of further examination. A certificate of appealability will issue on that claim. Young has not made the requisite showing for his other claims.

III. Conclusion

For the reasons stated above, Young's motion to vacate, set aside or correct sentence, will be denied. A certificate of appealability will issue.

_4/9/13_
Date

_William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge